MH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Pianka, | No. CV 15-1687-PHX-DGC (MHB) |
| Plaintiff, | |
| v. | **ORDER** |
| United States of America, et al., | |
| Defendants. | |

Plaintiff Victor Pianka, who is confined in the Eloy Detention Center, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and two Applications to Proceed *In Forma Pauperis* (Docs. 2, 6). Plaintiff has also filed a Motion for Injunctive Hearing (Doc. 3) and a Motion for Evidentiary Hearing (Doc. 4). The Court will dismiss the Complaint as frivolous and duplicative. Plaintiff's Motion for Injunctive Hearing and Motion for Evidentiary Hearing will be denied as moot.

**I.    Applications to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's August 25, 2015 Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff is and was, at the time this action was commenced, an immigration detainee. There do not appear to be any criminal charges pending against him at this time. Accordingly, Plaintiff is not subject to the filing fee provisions of the Prison Litigation Reform Act, and he will be allowed to proceed without payment of the filing fee. *Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005);

*Agyeman v. INS*, 296 F.3d 871, 885-86 (9th Cir. 2002). Plaintiff's September 10, 2015 Application to Proceed *In Forma Pauperis* will be denied as moot.

**II.     Statutory Screening**

Pursuant to 28 U.S.C. § 1915(e)(2), in a case in which a plaintiff has been granted *in forma pauperis status*, the Court

> shall dismiss the case at any time if the court determines that . . . the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338,

342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

### III. Complaint

In his two-count First Amended Complaint, Plaintiff asserts violations of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. He also asserts a violation of 42 U.S.C. § 1981. Plaintiff names the following Defendants: the United States of America; President Barack Obama; Attorney General Eric Holder; Secretary of the Department of Homeland Security ("DHS") Jeh Johnson; Federal Bureau of Investigations ("FBI") Director James Comey; Eloy Detention Center Employees Joseph Duran, Sepulveda,[1] Phillip Farabough, Smith, Rosemarie Kelly, ten unidentified Nurses ("Does #1-10"), Durham, Sebastian, John Cantu, Jon Gruelle, Brett Day, and Patricia Vroom; FBI Agents Douglas Price, Andrew Black, Mark Cwynar, John Lannarelli, Sean Kaul, George Steuer, and Johnson; DHS Employees Charleston, Smith, Shane Kitchen, and Lopez; the "Office Inspector General"; "DHS Civil Rights Civil Liberties"; and an individual identified as "X-Ray Tech at AZ-Tech Radiology" ("Doe #11"). In his Request for Relief, Plaintiff seeks $200 million in compensatory damages.

In Count One of the Complaint, Plaintiff alleges that his Fifth, Eighth, and Fourteenth Amendment rights were violated, along with 42 U.S.C. § 1981, by "x-ray fraud." Plaintiff alleges that he has "over fifty pet locator chips" under his skin that are "constantly signaled to vibrate, shock, . . . cause pain[,] and make [Plaintiff] lose sleep." According to the Complaint, these chips were injected under his skin by "people [who] organized the murder of his father for life insurance money and literally planned his deportation." Plaintiff appears to allege that Defendant Duran received a cash bribe for changing out an x-ray of Plaintiff that would have revealed the existence of these chips. Defendant Sepulveda should be held liable, Plaintiff claims, because "she is the one that ordered the x-ray and ignored the fact that she felt the bumps" that indicated the location

---

[1] This Defendant is also referred to in the Complaint as "Sepulvida."

- 3 -

of the pet locator chips. Defendants Farabough and Smith ignored Plaintiff's grievances regarding the chips, and Defendants Kelly, Does #1-10, Durham, and Sebastian ignored Plaintiff's allegations regarding the fraud that was being committed against him. In addition, Defendant Kelly misdiagnosed Plaintiff as delusional. Plaintiff alleges that he has written to Defendants Price, Black, Cwynar, Lannarelli, Kaul, and Comey "every single week this year" about the fraud being committed against him, but he has not received any response from these Defendants. Defendant Steuer sent Defendant Johnson to speak with Plaintiff, but Johnson failed to follow through with his investigation. Plaintiff alleges that he filed three DHS Civil Rights and Civil Liberties complaints but all were ignored. Defendants Charleston, Kitchen, Smith, Lopez, Cantu, Gruelle, and Office Inspector General all ignored Plaintiff's claim as well. In addition, Doe #11 "committed fraud again" by "plann[ing] for [Plaintiff] not to be able to prove" that he has pet locator chips under his skin.

In Count Two, Plaintiff asserts violations of the Fourth Amendment, the Fifth Amendment, and 42 U.S.C. § 1981 based on "document fraud." According to Plaintiff, the individuals who planned his father's murder also conspired to have him deported beginning in the summer of 2001, after he was released from immigration detention. Plaintiff alleges that he was kidnapped one week after his release from detention and forced to falsify several documents "to make it seem that [his] father was not [his] father so [Plaintiff] could not derive citizenship from him." The same individuals moved the photograph on his mother's naturalization certificate to cover her signature. Defendant Vroom "made it seem like [Plaintiff] filed a N-600 for it to be denied by a District Director at that time." According to Plaintiff, DHS has "knowingly adopt[ed] inadequate procedures regarding fraud complaints and . . . fraud committed against a detainee[] by DHS employees," resulting in violations of his due process rights. Plaintiff has written to Defendants Price, Black, Cwynar, Lannarelli, Kaul, and Comey "every single week this year" concerning the fraud that has been committed against him and "several murders" he has witnessed, but he has not received a response. As noted above, Defendant Steuer sent

Defendant Johnson to speak with Plaintiff, but Steuer has not followed up on his investigation. Plaintiff's DHS Civil Rights and Civil Liberties complaint was ignored by Defendant Charleston. Defendants Cantu, Gruelle, Holder, Obama, and Office Inspector General have all failed to respond to Plaintiff's complaints of document fraud. As a result, Plaintiff has endured "3 unlawful detentions a year for over 12 year[s]." During Plaintiff's detention, he has allegedly suffered multiple physical and psychological injuries, including, but not limited to, rape, sodium pentothal injections, force-feedings, and death threats.

### IV. Dismissal of Complaint

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), the Court must dismiss a case proceeding *in forma pauperis* if the court determines that the action or complaint is "frivolous or malicious." When evaluating claims under this standard, the Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

"[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. at 32-33 (citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Id*. at 33. Plaintiff alleges in Count One that Defendants have refused to acknowledge that the individuals responsible for the murder of his father have injected him with pet locator chips that they use to shock him, cause him pain, and keep him awake. In Count Two, he asserts that Defendants have prevented him from establishing that the same individuals who conspired to kill his father kidnapped Plaintiff and forced him to falsify immigration documents in an effort to get him deported. The Court finds these claims to be factually frivolous, and Counts One and Two will be dismissed on that basis. In the alternative, the Court draws on its judicial experience and common sense to determine that Plaintiff's allegations are implausible on their face, *see Iqbal*, 556 U.S. at

678, and therefore fail to state a claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's Complaint is also frivolous to the extent it raises claims that have already been adjudicated in this Court. An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be dismissed as frivolous or malicious. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (construing former 28 U.S.C. § 1915(d)) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988)). A complaint repeating the same factual allegations asserted in an earlier case, even if now filed against a new defendant, is subject to dismissal pursuant to 28 U.S.C. § 1915 as duplicative and frivolous. *See Bailey*, 846 F.2d at 1021.

In *Pianka v. DeRosa*, CV 14-2644-PHX-DGC (MHB), Plaintiff filed a civil action asserting multiple violations of his constitutional rights. One of the counts in Plaintiff's second amended complaint alleged that Plaintiff had more than fifty pet locator chips under his skin and that multiple Defendants—including Duran, Sepulveda, Farabough, Smith, Kelly, Sebastian, and Durham—refused to acknowledge the existence of these chips. (Doc. 10 in CV 14-2644-PHX-DGC (MHB) at 13). Another count alleged that Defendants Charleston, Kitchen, Vroom, and Johnson, among others, violated Plaintiff's due process rights by failing to address his claims that his immigration file had been tampered with and documents falsified in order to "make it seem like [his] father was not [his] father." (Doc. 10 in CV 14-2644-PHX-DGC (MHB) at 6). These counts were dismissed for failure to state a claim in a May 18, 2015 Order (Doc. 14 in CV 14-2644-PHX-DGC (MHB)). An order dismissing that action was entered the same date. (Doc. 15 in CV 14-2644-PHX-DGC (MHB)). Plaintiff's appeal from those Orders is currently pending in the Ninth Circuit. *See Pianka v. DeRosa*, No. 15-16241 (9th Cir.).

Accordingly, the Court will dismiss Plaintiff's Complaint, and this action, as frivolous and duplicative of *Pianka v. DeRosa*, CV 14-2644-PHX-DGC (MHB). In light of the Court's dismissal of the Complaint, Plaintiff's Motion for Injunctive Hearing and Motion for Evidentiary Hearing will be denied as moot.

. . . .

**IT IS ORDERED:**

(1) Plaintiff's August 25, 2015 Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) Plaintiff's September 10, 2015 Application to Proceed *In Forma Pauperis* (Doc. 6) is **denied** as moot.

(3) The Complaint (Doc. 1) is **dismissed** as frivolous and duplicative, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and the Clerk of Court must enter judgment accordingly.

(4) Plaintiff's Motion for Injunctive Hearing (Doc. 3) and Motion for Evidentiary Hearing (Doc. 4) are **denied as moot**.

Dated this 18th day of September, 2015.

_____
David G. Campbell
United States District Judge